UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GIOVANNI DE LA MORA,<br>ROGELIO RAMOS ROMAGUERA, and<br>TOMMY NEPONUCENO<br><br>*Defendants.* | **Protective Order**<br>**21 Cr. 133 (VM)** |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

**WHEREAS**, the Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material";

**WHEREAS**, the Government's disclosure material may include Confidential Information that may (i) affect the privacy interests of third parties; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case and/or (iv) expose sensitive personal information;

**WHEREAS**, Certain of the Government's disclosure material, referred to herein as "Sensitive Disclosure Material," and described more fully below, contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or

obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, may be subject to risk of harm absent the protective considerations set forth herein;

**WHEREAS**, the entry of a protective order in this case will permit the Government to produce expeditiously disclosure material without further litigation or the need for substantial redactions, and will afford the defense prompt access to such materials, in substantially unredacted form, which will facilitate the preparation of the defense;

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Confidential Information shall include (1) seized electronically stored information (ESI) from co-defendant's devices (2) video recordings of the co-defendants' post-arrest statements; and (3) certain search warrant affidavits. These materials shall not be disclosed by the defendant or defense counsel, including any successor counsel (collectively, "the defense"), other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. All Confidential Information possessed by the parties shall be maintained in a safe and secure manner.

2. Confidential Information may be disclosed by defense counsel to:

(a) The following persons (hereinafter, "Designated Persons"):

   i. the defendants for purposes of defending this action,

   ii. personnel for whose conduct defense counsel is responsible, *i.e.*, investigative, paralegal, secretarial, clerical, and other personnel employed or retained by defense counsel; or independent expert witnesses, investigators, or advisors retained by defense counsel in connection with this action;

2

                    iii.     prospective witnesses for purposes of defending this action; and

        (b) Such other persons as hereafter may be authorized by the Court.

All Designated Persons to whom Confidential Information is disclosed in accordance with this provision shall be subject to the terms of this Order. To the extent Confidential Information is disclosed to any Designated Persons, defense counsel shall first provide each Designated Person with a copy of this Order and instruct such Designated Persons that they are bound by the terms of this Order. Defense Counsel shall make reasonable efforts to maintain a record of what Confidential Information has been disclosed to Potential Witnesses pursuant to this Order. The Government may designate other disclosure material as Confidential Information by labeling such disclosure material as "Confidential." If there is a dispute as to the Government's designation of particular disclosure material as Confidential, the parties shall meet and confer. If the parties cannot reach a resolution, the parties will bring the dispute to the Court for resolution.

        3.     Sensitive Disclosure Material shall include (1) recorded calls and audio recordings in which the voices of one or more of the CSs are captured; (2) a video recording that captures the face of a CS; and (3) text messages between a CS and a defendant and/or uncharged individuals. Sensitive Disclosure Material may be disclosed by counsel to defendants and to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; however, Sensitive Disclosure Material shall be kept in the sole possession of counsel or personnel for whose conduct counsel is responsible; shall not be reviewed or maintained by the defendant outside the presence of counsel or personnel for whose conduct counsel is responsible (except when a defendant is reviewing Sensitive Disclosure

Material at counsel's office or through videoconference technology or telephone); for audio and video recordings longer than 15 minutes in length, the defendants, to the extent they are not incarcerated, may keep a single copy in a single room and may not share with any other person or otherwise disseminate it, and shall not be copied or otherwise recorded by the defendants. The Government may designate other disclosure material as Sensitive Disclosure Material by labeling such disclosure material as "Sensitive." If there is a dispute as to the Government's designation of particular Disclosure Material as Sensitive, the parties shall meet and confer. If the parties cannot reach a resolution, the parties will bring the dispute to the Court for resolution.

4. The parties must comply with the Local Criminal Rules, including Rule 23.1, which prohibits "the release of non-public information or opinion which a reasonable person would expect to be disseminated by means of public communication…if there is a substantial likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice."

5. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

6. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, Sensitive Disclosure Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

7. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

### Return or Destruction of Material

8. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all confidential and sensitive disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. This provision does not apply to any disclosure material or ESI that belongs to the defendant.

9. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material or the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

## Retention of Jurisdiction

10. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order until the Court orders otherwise.

AGREED AND CONSENTED TO:

    AUDREY STRAUSS
    United States Attorney
    Southern District of New York

by: _____     Date: 3/24/2021
    Michael R. Herman
    Assistant United States Attorney

_____     Date: 3/24/201
Jennifer Brown, Esq.
Counsel for Giovanni De La Mora

_____     Date: 3/24/2021
Sean Maher, Esq.
Counsel for Rogelio Ramos Romaguera

_____     Date: 3/25/2021
Marc Greenwald, Esq.
Counsel for Tommy Neponuceno

SO ORDERED:

Dated: New York, New York
      March  26 , 2021

_____
Victor Marrero
U.S.D.J.